Brent E. Pelton, Esq. (BP-1055)
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com
Co-counsel
William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
wcrand@wcrand.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROLAND OYEJOLA, Individually,
and on Behalf of
All Other Persons Similarly Situated,

                    Plaintiffs,

        -against-

DEUTSCHE BANK SECURITIES INC., DEUTSCHE
BANK AMERICAS HOLDING CORP., JOHN
FARRELL, RAYMOND MICHAELS ASSOCIATES,
MICHAEL GARDNER and JOHN DOES #1-10,
Jointly and Severally

                    Defendants.
-------------------------------------------------------------x



Judge Pauley

07 CIV 8368

: CLASS AND COLLECTIVE
: ACTION COMPLAINT

: Demand for Jury Trial

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation, as well as for

1

overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2.  Plaintiff further complains on behalf of himself and all other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendants for work performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants DEUTSCHE BANK SECURITIES INC. and DEUTSCHE BANK AMERICAS HOLDING CORP. (collectively, "DEUTSCHE BANK") reside in this district, Plaintiff worked for Defendants within this district and a substantial portion of the events or omissions giving rise to the claims occurred in this district.

5.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff resides in Kings County, New York.

7. Upon information and belief, DEUTSCHE BANK is a Delaware corporation with a principal executive office located at 60 Wall Street, New York, New York 10005.

8. Upon information and belief, JOHN FARRELL ("FARRELL") is an employee, officer, director, partner and/or managing agent of DEUTSCHE BANK who participated in the day-to-day operations of DEUTSCHE BANK, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

9. Upon information and belief, RAYMOND MICHAELS ASSOCIATES ("RAYMOND MICHAELS" and, collectively with DEUTSCHE BANK, the "Corporate Defendants") is a Limited Liability Corporation with offices at 33 Wood Avenue, Suite 600, Iselin, New Jersey 08830.

10. Upon information and belief, RAYMOND MICHAELS is a partnership with offices at 33 Wood Avenue, Suite 600, Iselin, New Jersey 08830.

11. Upon information and belief, RAYMOND MICHAELS is a corporation with offices at 33 Wood Avenue, Suite 600, Iselin, New Jersey 08830.

12. Upon information and belief, MICHAEL GARDNER ("GARDNER") is an officer, director, partner and/or managing agent of RAYMOND MICHAELS who participated in the day-to-day operations of RAYMOND MICHAELS, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated

thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

13. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of DEUTSCHE BANK, whose identities are unknown at this time, and who participated in the day-to-day operations of DEUTSCHE BANK and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

### COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since September 26, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who did not receive compensation for all hours worked, and/or did not receive compensation for overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

15. This collective action class is so numerous that joinder of all Collective Action Members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least two hundred Collective Action Members and likely many more who have worked for the Corporate Defendants throughout the United States during the Collective Action Period, most of whom would not be likely to file

4

individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

16. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

17. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

18. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   (a) whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

   (b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

   (c) whether Defendants failed to pay the Collective Action Members for all of their hours worked as well as overtime compensation for hours worked in excess of

forty hours per workweek, in violation of the FSLA and the regulations promulgated thereunder;

(d) whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(e) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(f) whether Defendants should be enjoined from such violations of the FLSA in the future.

19. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

20. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

21. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since September 26, 2001, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for all hours worked as well as overtime wages in violation of the New York Labor Law (the "Class").

22. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are based are presently within the sole control of

the Defendants, upon information and belief, there are at least two hundred members of the Class and likely many more who worked for the Defendants during the Class Period.

23. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

24. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

25. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

26. Plaintiff has the same interests in this matter as all other members of the Class, and Plaintiff's claims are typical of the class.

27. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

(a) whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

(b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c) whether Defendants failed/and or refused to pay the members of the Class for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

(d) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, and statutory damages, interest, costs and disbursements and attorneys' fees; and

(e) whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

28. Plaintiff ROLAND OYEJOLA was an employee of both DEUTSCHE BANK and RAYMOND MICHAELS from on or about June 11, 2007 through on or about September 3, 2007 (the "Employment Period").

29. Plaintiff was interviewed by MICHAEL GARDNER at RAYMOND MICHAELS' offices at 14 Wall Street, New York, New York.

30. Throughout the Employment Period, Plaintiff worked for RAYMOND MICHAELS and DEUTSCHE BANK within the New York offices of DEUTSCHE BANK.

31. Plaintiff was paid by RAYMOND MICHAELS on an hourly basis at a rate of $50.00 per hour for the work that he performed for DEUTSCHE BANK and RAYMOND MICHAELS.

32. Plaintiff was not paid a salary or commissions by Defendants, but was paid by Defendants for his hours worked on an hourly basis..

33. During each week during the Employment Period, Plaintiff worked in excess of 40 hours per week in his job functions for Defendants, and he frequently worked in excess of ten hours per day for Defendants.

34. Plaintiff was employed by Defendants as a support employee within the Middle Office Support Group, and his primary work responsibility was to clerically record previously-executed trades within DEUTSCHE BANK's prime brokerage group.

35. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

36. The work performed by Plaintiff required little skill and no capital investment. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

37. Plaintiff worked in excess of 40 hours a week and/or ten hours per day, yet the Defendants willfully failed to pay Plaintiff for all his hours worked as well as overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

38. On June 25, 2007, Plaintiff Oyejola complained to FARRELL, his DEUTSCHE BANK supervisor, regarding Defendants' failure to pay overtime. In responding to his complaint, FARRELL advised Oyejola that DEUTSCHE BANK does not pay overtime.

39. On June 25, 2007, Oyejola contacted GARDNER of RAYMOND MICHAELS regarding Defendants' failure to pay overtime. GARDNER responded to his complaint by email stating, "that all hours worked will be paid at straight time, which per most people I've spoken to, is standard in the industry."

40. Throughout the Employment Period and, upon information belief, both before that time (throughout the Collective Action Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members) in positions that required little skill and no capital investment, and their duties and responsibilities

did not include any managerial responsibilities or the exercise of independent judgment. The Collective Action Members do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

41. Such individuals have worked in excess of 40 hours a week and/or ten hours per day, yet the Defendants have likewise willfully failed to pay them for all their hours worked as well as overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

42. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

43. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

44. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

47. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated herein by reference.

48. At all relevant times, the Defendants had a policy and practice of refusing to pay for all hours worked, as well as the statutory wage for hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

49. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action Members, for all hours worked by them as well as for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate, the FSLA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Due to Defendants' FLSA violations, Plaintiffs, on behalf of the named plaintiff and the Collective Action Members, are entitled to recover from Defendants, their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages,

additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW

53. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

54. At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them any compensation for hours worked by them as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

56. Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

57. Due to Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1). Plaintiff is not seeking on behalf of the class punitive damages under the New York Labor Law.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff on behalf of himself and all other similarly situated, Collective Action members and members of the Class, respectfully request that this Court grant the following relief:

(a)  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff as representative of the Class and appointing Plaintiff's counsel as Class counsel;

(b)  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff as representative of the Collective Action and Plaintiff's counsel as counsel to represent the Collective Action Members.

(c)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(d)  An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(e)  An award of unpaid wages and unpaid overtime compensation due under the FLSA and the New York Labor Law;

(f)  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(g)  An award of prejudgment and post judgment interest;

(h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
September 26, 2007

PELTON SERPE LLP

S/Brent E. Pelton

Brent E. Pelton, Esq. (BP-1055)
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
Tel: (212) 725-3600
pelton@peltonserpe.com

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
wcrand@wcrand.com

*Attorney for Plaintiff, Individually, and on Behalf of All Other Persons Similarly Situated*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Deutsche Bank, Raymond Michaels Associates and Sailfish Capital LLP to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiff(s) and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  9/25/07              ROLAND OYOSORA
Signature                Date                  Printed Name