**MORGAN, LEWIS & BOCKIUS LLP**
101 PARK AVENUE
NEW YORK, NEW YORK  10178
(212) 309-6000
ATTORNEYS FOR DEFENDANTS DEUTSCHE BANK SECURITIES INC.
and DEUTSCHE BANK AMERICAS HOLDING CORP.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ROLAND OYEJOLA, Individually, and on behalf of All Other Persons Similarly Situated,

        Plaintiffs,

-against-

      CASE NO.  07 Civ. 8368 (WHP)

DEUTSCHE BANK SECURITIES INC., DEUTSCHE BANK AMERICAS HOLDING CORP., JOHN FARRELL, RAYMOND MICHAELS ASSOCIATES, MICHAEL GARDNER and JOHN DOES #1-10, Jointly and Severally,

**ELECTRONICALLY FILED**

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**DEFENDANTS DEUTSCHE BANK SECURITIES INC.**
**AND DEUTSCHE BANK AMERICAS HOLDING CORP.'S**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants Deutsche Bank Securities Inc. and Deutsche Bank Americas Holding Corp. (collectively, "Deutsche Bank"), move to dismiss the Complaint of plaintiff Roland Oyejola ("Oyejola") for lack of subject matter jurisdiction.[1] As detailed below, Oyejola has been offered, pursuant to Rule 68 of the Federal Rules of Civil Procedure, all of the relief he could recover at trial. Therefore, his claims are moot and should be dismissed.

Oyejola worked at Deutsche Bank as a contractor through Raymond Michaels Associates ("Raymond Michaels"). He was paid by Raymond Michaels at the rate of $50 per hour. Oyejola claims he was entitled to overtime compensation for the hours he worked in excess of 40 hours per week ("overtime hours") at a rate of one-and-one-half times his regular rate of pay, *i.e.*, $75 per overtime hour, rather than the $50 per hour he was paid for those hours. According to the time sheets he completed and submitted during the period he worked at Deutsche Bank, Oyejola claimed a cumulative total of 212.5 overtime hours. Oyejola seeks to recover an additional $25 per hour for those hours, claiming that they should have been paid at the overtime rate. Oyejola also seeks to recover liquidated damages, attorney's fees, costs and expenses.

On November 26, 2007, Raymond Michaels made an offer of judgment to Oyejola, pursuant to Rule 68 of the Federal Rules of Civil Procedure. This offer of judgment provides for Oyejola to receive a sum of $11,025.00, "plus reasonable attorneys' fees, costs and expenses actually incurred, in an amount to be determined by the Court." Because Oyejola has been offered the full amount of relief which he could hope to recover through litigation, Deutsche

---

[1] John Farrell, a current employee of Deutsche Bank AG, New York Branch, was named individually in the lawsuit. However, Mr. Farrell was not served with the Summons and Complaint, and therefore is not a party to this action.

Bank respectfully submits that its motion should be granted and the Complaint dismissed pursuant to Rule 12(b)(1).

## STATEMENT OF FACTS[2]

Oyejola was employed by Raymond Michaels from on or about June 11, 2007 until September 3, 2007, and was assigned to work at Deutsche Bank. (Complaint ¶ 28.) During the entire time he worked at Deutsche Bank, Raymond Michaels paid Oyejola an hourly rate of $50.00 for all hours worked. (Complaint ¶ 31.)

According to the time sheets he completed and submitted each week, during the thirteen week period Oyejola was at Deutsche Bank, he worked a cumulative total of 212.5 overtime hours, *i.e.*, over the statutory limit of forty per week. (See Affidavit of John Farrell dated November 26, 2006 ("Farrell Aff.") at ¶ 5; Ex. A.)[3] This information is explicitly memorialized in detail by Oyejola's time sheets, records which reflect Oyejola's entries into a computerized time management system to record his hours worked. (See Farrell Aff. at ¶¶ 3-4; Ex. A.) Oyejola contends that he should have been paid time-and-a-half for those 212.5 hours, *i.e.*, $75 per hour, but was instead paid at the straight time rate of $50 per hour. (Complaint ¶ 37.) Under Oyejola's theory, he is entitled to $5,312.50 in overtime pay.

Oyejola filed his Complaint with this Court on September 26, 2007, asserting claims under Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216, et seq. and N.Y. Lab. Law § 663. (Complaint ¶¶ 1, 2; 52, 57.) In addition to seeking compensation for unpaid

---

[2]   For purposes of this motion only, Deutsche Bank accepts the allegations in the Complaint as true, including Oyejola's claim that he is entitled to overtime. Deutsche Bank also accepts, for purposes of this motion only, that the time Oyejola claims to have worked is true and accurate.

[3]   In determining a Rule 12(b) (1) motion to dismiss for lack of subject matter jurisdiction, a court may consider materials extrinsic to the complaint. See Phiher v. City of New York, 289 F.3d 49, 55 (2d Cir. 2002); Ward v. Bank of New York, 455 F. Supp. 2d 262, 265 (S.D.N.Y. 2006).

overtime for himself, he also purports to bring the overtime claim on behalf of similarly situated present and former non-exempt employees of Deutsche Bank. Since the filing of the lawsuit, not a single person, other than Oyejola, has opted in to this lawsuit.

On November 26, 2007, defendant Raymond Michaels served an Offer of Judgment on Oyejola ("Defendants' Offer"), offering him a sum of $11,025.00 – more than twice the overtime compensation he would have been due according to his time sheets – plus an additional amount, to be determined by the Court, for reasonable attorneys' fees, costs and expenses. (See Defendants' Offer). Defendants' Offer is for an amount that exceeds what Oyejola could potentially hope to recover at trial. Accordingly, Deutsche Bank now seeks to dismiss Oyejola's claims as moot.

## ARGUMENT

### I. DEFENDANTS' OFFER OF JUDGMENT DIVESTS THE COURT OF SUBJECT MATTER JURISDICTION OVER FEDERAL FLSA CLAIM

Rule 12(b)(1) provides "[e]very defense, in law or fact to a claim for relief in any pleading … shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may … be made by motion: (1) lack of jurisdiction over the subject matter …." See Fed. R. Civ. P. 12(b). Where, as here, a "defendant offers plaintiff all the relief sought, the plaintiff is said to lose his 'personal stake' in litigation, and the issues in the action are no longer considered 'live.'" Darboe v. Goodwill Indus. of Greater NY & N. NJ, Inc., 485 F. Supp. 2d 221, 223 (E.D.N.Y. Apr. 16, 2007) (citing Fox v. Bd. of Trustees of State Univ. of NY, 42 F.3d 135, 140 (2d Cir. 1994); Ambalu v. Rosenblatt, 194 F.R.D. 451, 452 (E.D.N.Y. 2000). In such circumstances, the case should be dismissed for lack of subject matter jurisdiction.

Here, the most Oyejola could hope to recover on his claim for overtime would be based on the hours he worked over 40 per week for which he was paid a rate of $50.00 per hour instead of a time-and-one-half rate of $75.00 per hour. (Complaint ¶ 31.) According to his own timesheets, Oyejola worked a total of 212.5 hours that could qualify for an overtime rate. (Farrell Aff. at ¶ 5.) Oyejola was already paid $50.00 per hour for those 212.5 hours (Complaint ¶¶ 31-32) and, if successful in prosecuting this action, would be entitled to an additional $25.00 per hour of "half-time" he was denied, for a total of $5,312.50. See 29 U.S.C. § 207(a)(2)(c); 29 C.F.R. § 778.110 (setting compensation rate at one and one-half times the regular rate for hours over forty in a workweek). The FLSA would also allow Oyejola to receive liquidated damages of 100%, bringing the total amount of his potential recovery to $10,625.00, plus reasonable attorney's fees and costs. See 29 U.S.C. § 216(b).

Defendants' Offer of $11,025.00, plus reasonable attorney's fees, costs and expenses actually incurred, in an amount to be determined by the Court, exceeds the damages Oyejola could recover through litigation. As there are no circumstances under which Oyejola could recover an amount in excess of Defendants' Offer, his FLSA claim is moot, and this Court should dismiss the claim for lack of subject matter jurisdiction. See, e.g., Briggs v. Arthur T. Mott Real Estate LLC, No. 06-0468 (DRH) (WDW), 2006 WL 3314624 at *2 (E.D.N.Y. Nov. 14, 2006) ("where no other similarly situated individuals have opted in and the offer of judgment satisfies all damages of the plaintiff, plus all costs and attorney's fees, the courts have held that a Rule 68 offer of judgment moots an FLSA collective action thereby depriving the court of subject matter jurisdiction") (citations omitted); ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., No. 01 Civ. 5661, 2005 WL 774281, at *2 (S.D.N.Y. Apr. 3, 2005) ("it [is] proper to dismiss a complaint for lack of subject matter jurisdiction when a plaintiff is offered all

that the plaintiff could recover at trial"); Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) ("[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P.12(b)(1), because he has no remaining stake") (citations omitted).

The court's decision in Darboe v. Goodwill Indus. of Greater NY & N. NJ, Inc., 485 F. Supp. 2d 221 (E.D.N.Y. Apr. 16, 2007) is directly on point. In Darboe, the plaintiff filed a complaint on behalf of himself and other similarly-situated employees, asserting violations of the FLSA and New York State Labor Law. After making an offer of judgment that provided the plaintiff with full relief, the defendant moved to dismiss the complaint on the basis that the court no longer had subject matter jurisdiction. The court granted the defendant's motion, holding that as defendant's offer exceeded any actual damages claimed, no class had been certified and plaintiff had not identified a single individual who sought to become part of the action, a "Rule 68 offer of full damages deprives plaintiff of his personal stake in the litigation and renders it moot." Id. at 224.

Similarly, in Ward v. Bank of New York, 455 F. Supp. 2d 262 (S.D.N.Y. 2006), plaintiff Ward filed suit on behalf of herself and others similarly situated under the FLSA and asserted class claims for alleged violations of New York Labor Law. Defendant made an offer of judgment to Ward for $1,000, inclusive of all damages, liquidated damages and interest, plus reasonable attorneys' fees and costs – an offer rejected by Ward. Id. at 265. The court found that the Rule 68 offer of judgment exceeded the amount Ward could recover at trial and rendered her FLSA claims moot. Accordingly, the court dismissed Ward's FLSA claims for lack of subject matter jurisdiction, and declined to exercise supplemental jurisdiction over her claims under New York labor law. Id. at 270.

In <u>Briggs v. Arthur T. Mott Real Estate LLC</u>, No. 06-0468 (DRH) (WDW), 2006 WL 3314624 at *2 (E.D.N.Y. Nov. 14, 2006), the plaintiff filed a putative collective action under the FLSA, seeking to represent himself and other similarly situated employees.  The defendant disputed that it had violated the FLSA, but nonetheless served an offer of judgment which offered the plaintiff full compensation for his alleged damages.  The plaintiff opposed the motion, claiming that the offer was insufficient and that permitting an offer of judgment to eliminate the plaintiff would nullify the collective action method of enforcing the FLSA.  The court found that the offer was sufficient, and that the time sheets submitted by defendant with its motion established that the offer exceeded any overtime amount owed.  Noting that under the FLSA only plaintiffs who affirmatively opt in can benefit from a judgment or be bound by it, and that no similarly situated individuals had opted in to the action, the court concluded that the use of an offer of judgment to satisfy amounts that could be owed to a purported collective action plaintiff did not contravene the policies of the FLSA, and granted defendant's motion to dismiss the claim.  <u>Id.</u> at *3.  <u>See also Vogel v. Am. Kiosk Mgmt.</u>, 371 F. Supp. 2d 122, 129 (D. Conn. 2005) (granting defendant's motion to dismiss following its offer of judgment, holding that the plaintiff's claims under the FLSA and state law were rendered moot because, "AKM's offer of judgment sufficiently cover[ed] all damages claimed by Vogel, plus costs and attorney's fees").

Each of these cases demonstrates that dismissal of an FLSA claim is appropriate when the named plaintiff has not been joined by any "opt ins" and has been offered full relief.  This is precisely the case here – in the months since Oyejola filed his Complaint, not a single person has come forward to join his purported collective action, and Defendants' Offer would compensate

Oyejola in full for his alleged damages. The same result should follow, and Deutsche Bank's motion to dismiss should be granted.[4]

## II. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER OYEJOLA'S REMAINING STATE LAW CLAIM

It is respectfully submitted that once the Court has dismissed Oyejola's FLSA claim for lack of subject matter jurisdiction, the Court should decline to exercise supplemental jurisdiction over his remaining state law claim. See Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir. 2000) ("If the District Court did not have subject matter jurisdiction over the Title VII claim, it could not exercise supplemental jurisdiction over Da Silva's state law claims. . . ."); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996) (holding that because a court must have original jurisdiction in order to exercise supplemental jurisdiction, a dismissal of federal claims pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims); Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir. 1992) ("Supplemental jurisdiction could be exercised only if some other, related claim provides a proper basis for federal jurisdiction."); Darboe, 285 F. Supp. 2d at 224 (declining to exercise supplemental jurisdiction over state law claims after dismissing moot FLSA claim for lack of subject matter jurisdiction); Briggs, 2006 WL 3314624 at *4 (same); Ward, 455 F. Supp. 2d at 270 (same). Therefore, Oyejola's claim under the New York labor law should also be dismissed.

---

[4] Fed. R. Civ. P. 68 provides that a plaintiff has within 10 days of service of the offer to serve written notice of acceptance; an offer not accepted is deemed withdrawn. While Oyejola's time to accept or reject Defendants' Offer has not yet passed, dismissal is compelled regardless of that decision – the claim is rendered moot and should be dismissed for lack of subject matter jurisdiction whether or not he accepts the offer. See, e.g., Darboe, 485 F. Supp. 2d at 223 (noting that "[w]hile the Second Circuit has yet to rule on this issue, district courts in this circuit have held that a Rule 68 offer of full damages, even if rejected, renders the case moot…." (emphasis added)).

## CONCLUSION

For all of the foregoing reasons, Deutsche Bank respectfully requests that this Court issue an Order: (a) dismissing Oyejola's claims under the FLSA for lack of subject matter jurisdiction; (b) declining to exercise supplemental jurisdiction over Oyejola's state law claim and dismissing that claim; and (c) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 26, 2007

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
By:   /s/
    Kenneth J. Turnbull (KT-4458)
    Daniel C. Knauth (DK-6211)

101 Park Avenue
New York, New York  10178
(212) 309-6000
Attorneys for Defendants Deutsche Bank Securities Inc. and Deutsche Bank Americas Holding Corp.